Homer Whirlwind **SOLDIER** and Francis Night Pipe

v.

Dale **CARLSON**, Treasurer for Tripp and Todd Counties.

Civ. No. 72–5016.

United States District Court, D. South Dakota.

Nov. 13, 1972.

Richard A. Smith and Mark V. Meierhenry, Rosebud, S. D., for plaintiffs.

Mick Grossenburg, Winner, S. D., for defendant.

MEMORANDUM DECISION

BOGUE, District Judge.

Plaintiffs, enrolled members of the Rosebud Sioux Tribe, brought an action under 28 U.S.C. § 2201 for a declaratory judgment that Defendant has no jurisdiction to levy or collect taxes on

Plaintiffs' mobile homes. Plaintiff Whirlwind Soldier owns a mobile home located on trust land within Todd County and Plaintiff Night Pipe is the owner of a mobile home located on non-trust property within the town of Mission, Todd County, South Dakota. Both parties have stipulated that all of Todd County, including the town of Mission, is within Indian country, as that term is defined in 18 U.S.C.A. § 1151.

Plaintiffs have now made a motion for summary judgment, an appropriate means for bringing the matter on for decision since all material facts have been stipulated. For the reasons set forth below, Plaintiffs' Motion will be granted.

South Dakota Constitution Article XXII provides that "Indian lands shall remain under the absolute jurisdiction and control of the Congress of the United States". Consequently, unless Congress has provided a means by which states can obtain jurisdiction over Indian lands, the internal sovereignty of the Tribe is unaffected. By the passage of an Act of August 15, 1953, Section 7, 67 Stat. 588, 590, Congress provided a means by which the State of South Dakota could obtain jurisdiction over Indian lands. In 1968 Congress added the requirement of obtaining tribal approval, 25 U.S.C.A. §§ 1322, 1326. Although various attempts have been made by the South Dakota Legislature to acquire such jurisdiction, the conditional terms for effectuating the statutes have never been met. *See* Annis v. Dewey County Bank, 335 F.Supp. 133, 135 (1971).

By exhibits A through C, which have been stipulated into evidence, the Department of Revenue for the State of South Dakota has conceded, assumedly on the basis of the Buck Act, 4 U.S.C.A. §§ 105–110, that the imposition of a state sales tax on an Indian retailer or purchaser on a South Dakota reservation is beyond its jurisdiction.

Moreover, the Supreme Court of South Dakota, in Pourier v. Board of County Commissioners of Shannon County, 83 S.D. 235, 157 N.W.2d 532 (1968), held that personal property and its identifiable and traceable proceeds purchased by Tribal Indians is exempt from state taxation. This decision has been extended by at least one state circuit court to include "all Indian property on the reservation . . . and not only that property given by the federal government and its traceable and identifiable proceeds." Montileaux v. Board of County Commissioners of Shannon County, No. 317, Circuit Court, Seventh Judicial Circuit, August 18, 1972. *See* also Bissonette v. Board of County Commissioners of Shannon County and Elma Strackbein, No. 327, Circuit Court, Seventh Judicial Circuit, August 18, 1972.

These concessions and decisions lead this Court to the inescapable conclusion that the imposition of the South Dakota Mobile Home Tax upon mobile homes owned by Tribal Indians and located within this South Dakota Indian Reservation, interferes with the internal sovereignty of the Rosebud Sioux Tribe. Such an imposition would infringe "on the right of reservation Indians to make their own laws and be ruled by them." Williams v. Lee, 358 U.S. 217, 220, 79 S.Ct. 269, 271, 3 L.Ed.2d 251 (1959).

This Court is not unaware of the problems presently existing in counties containing Indian country. However, the Legislature and Congress have the power to decide what the policy of the law shall be, and if they have intimated their will, however indirectly, that will should be recognized and obeyed. The Court does not have and must never obtain legislative authority.